**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| USF INSURANCE COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| E.K., a minor child, and TAMMI | § | |
| HAWTHORNE, as next friend; PREMIER | § | |
| COMMUNITIES MANAGEMENT | § | Case No. 4:11-CV-408 |
| COMPANY, INC.; PREMIER | § | |
| COMMUNITIES MANAGEMENT | § | |
| COMPANY, INC. d/b/a PROVIDENCE | § | |
| HOMEOWNERS ASSOCIATION; | § | |
| BEARFOOT MANAGEMENT, LLC; and | § | |
| SHANE DOUGLAS WILKINS, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Pending before the court is the Plaintiff's motion for summary judgment (docket entry #21) filed on October 14, 2011. The Defendants did not file a response to the Plaintiff's motion for summary judgment. "In the event a party fails to oppose a motion in the manner prescribed herein, the court will assume that the party has no opposition." Local Rule CV-7(d). Since the Defendants failed to file an opposition to the Plaintiff's motion for summary judgment, the court will assume that the Defendants have no opposition to the Plaintiff's motion. Having considered the Plaintiff's motion for summary judgment and the lack of briefing in response to the motion, the court is of the opinion that the Plaintiff's motion for summary judgment should be granted.

## BACKGROUND

The Plaintiff brought this action pursuant to 28 U.S.C. §§ 2201 and 2202, the Declaratory

Judgment Act. The Plaintiff is seeking a declaration from the court that it has no obligation under the

commercial general liability policy issued to Defendant Bearfoot to (1) provide a defense to any of the

Defendants in the lawsuit styled *E.K., A Minor Child and Tammi Hawthorne, Next of Friend, v.*

*Huffines Communities, Inc., Premier Communities Management Company, Inc., Premier Communities*

*Management Company, Inc. d/b/a Providence Homeowners Association, Barefoot Management, Inc.*

*and Shane Douglas Wilkins*, cause number 366-01936-2011, which was filed in the 366th Judicial

District Court of Collin County, Texas; or (2) indemnify the Defendants as to any claims made against

them in the above-referenced lawsuit. According to the Plaintiff's motion for summary judgment, the

undisputed material facts are as follows:

6.  The undisputed factual basis of the Underlying Lawsuit centers on allegations that Shane Douglas Wilkins ("Wilkins")[1] sexually assaulted a minor, E.K. At the time of the alleged sexual assault, Wilkins was working as a lifeguard.[2] Following the alleged sexual assault, Wilkins was criminally charged, and plead guilty to the following counts:

    a.  Indecency with a child (sexual contact); and

    b.  Aggravated sexual assault of a child.

7.  Before the sexual assault, USF issued a commercial general liability policy under policy number LGBGL72555 to Bearfoot as the named insured. The Policy provided general liability coverage, subject to the terms, conditions, endorsements and exclusions contained in the Policy.

8.  After the sexual assault, E.K., a minor, and Tammi Hawthorne, as next friend, filed the Underlying Lawsuit against Bearfoot, as well as against Premier

---

[1] The court entered a default judgment against Shane Douglas Wilkins on March 20, 2012.

[2] Citations to record have been omitted.

Communities Management Company, Inc. ("Premier"), Premier Communities Management Company, Inc. d/b/a Providence Homeowners Association ("PHA"), Wilkins and Huffines Communities, Inc. Once the Underlying Lawsuit was served, several entities sought coverage under the USF Policy.

9.     Specifically, Bearfoot[,] Premier and PHA each sought coverage under the USF Policy.

10.    USF declined the requests for coverage, and instituted the case now before this Court in order to seek a declaration of no coverage. USF now moves this Court for summary judgment in favor of USF.

PL. MTN. FOR SUMMARY JUDGMENT, pp. 4-5.

The Plaintiff states the following regarding the liability of the parties:

30.    With respect to the potential liability of PHA and Premier, the Plaintiffs [in the Underlying Lawsuit] claim that Premier was in control of and the possessor of the property in question and either owned, occupied or maintained the premises of the pool located in the Providence community. Furthermore, the Plaintiffs allege that Premier had such control that they owed a duty to Plaintiffs, which was breached and proximately caused injuries.

31.    The Plaintiffs also allege that Premier failed to adequately screen employees "such that the illegal conduct of Defendant resulted in the sexual assault of [E.K.], a minor child." (Citation omitted).

32.    With regard to Bearfoot, the Plaintiffs allege that Bearfoot was the employer of Wilkins and that he was employed as a lifeguard at the community pool. The Plaintiffs allege that Bearfoot failed to adequately screen employees "such that the illegal conduct of Defendant resulted in the sexual assault of [E.K.], a minor child." (Citation omitted).

33.    The Plaintiffs further seek recovery against Wilkins based on allegations of physical contact and sexual assault. The Plaintiffs allege that Wilkins knowingly acted with the intent to assault E.K.

34.    PHA and Premier seek coverage under the Policy based on a management contract (the "Management Contract") between Bearfoot and PHA. In the Management Contract, there is language regarding additional insured status. In addition, the Contract contains a section addressing indemnification. (Citation

omitted).[3]

PL. MTN. FOR SUMMARY JUDGMENT, pp. 10-11.

As noted by the Plaintiff herein, however, all of the claims brought against the Defendants in the Underlying Lawsuit stem from the sexual assault. The Plaintiff argues, and the court agrees, that coverage is excluded under the USF Policy. The Policy provides, in relevant part, as follows:

SECTION I – COVERAGES

COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1.  Insuring Agreement

    a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the

---

[3]The Management Contract specifically provides as follows:

**E.    Insurance**

BEARFOOT will provide $2,000,000 of liability insurance provided by UFC Insurance/Wilcox and Burns, LTD. (See certificate of insurance). The Association and Premier Community Management will be named as co-insured under the liability and property damage insurance policies.

General Liability insurance provided by BEARFOOT is to protect Bearfoot Management and the Association from claims for damages for accidental death, personal injuries, and property damage. BEARFOOT will also provide $1,000,000 of workers compensation provided by Texas Mutual Insurance Company for Bearfoot Management employees.

**F.    Indemnification**

BEARFOOT will indemnify and take responsibility for the Association, its directors, officers, members and employees for and against all claims, damages, and expenses which are a direct result of negligence from the services of BEARFOOT under the contract. This includes any event that occurs on the pool facility that BEARFOOT has sponsored, performed, or supervised. If any damage is caused by a BEARFOOT employee, a vendor approved by the Association will repair the damage and the costs assessed to BEARFOOT.

PL. MTN. FOR SUMMARY JUDGMENT, EXH. D, pp. 4-5.

insured against any "suit" seeking those damages. However, we will have no duty to defend the insured again any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

2. Exclusions

This insurance does not apply to:

--------------------------

b. Contractual Liability

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1) That the insured would have in the absence of the contract or agreement; or

(2) Assumed in a contract or agreement that is an "insured contract," provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. . . .

COMBINED COVERAGE AND EXCLUSION ENDORSEMENT

VIII. PHYSICAL-SEXUAL ABUSE EXCLUSION

This insurance does not apply to any "occurrence," suit, liability, claim, demand or cause of action arising out of or resulting from the physical abuse, sexual abuse or licentious, immoral or sexual behavior intended to lead to, or culminating in any sexual act, whether caused by, or at the instigation of, or at the direction of, or omission by, the insured, his employees, patrons or any causes whatsoever.

--------------------------

X. ASSAULT AND BATTERY EXCLUSION

This insurance does not apply under COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY and COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY arising from:

1.     Assault and Battery committed by any insured, any employee of any insured or any other person;

2.     The failure to suppress or prevent Assault and Battery by any person in 1, above;

3.     resulting from or allegedly related to the negligent hiring, supervision or training of any employee of the insured; or

4.     Assault or Battery, whether or not caused by or arising out of negligent, reckless or wanton conduct of the insured, the insured's employees, patrons or other persons lawfully or otherwise on, at or near the premises owned or occupied by the insured, or by any other person.

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enterprises, Inc. v. American Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981)(citations omitted). The substantive law identifies which facts are material. *See id*. at 248.

Both parties have a responsibility in the summary judgment process. *Celotex*, 477 U.S. at 323–24. First, the party seeking summary judgment must show that the admissible evidentiary material of record and any affidavits submitted by the nonmoving party are insufficient to permit the nonmoving party to carry its burden of proof. The nonmoving party must then set forth "specific facts showing that there is a genuine issue for trial" and "may not rest upon the mere allegations or denials of his

pleadings." FED. R. CIV. P. 56(e); *Anderson*, 477 U.S. at 248. "Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Roach v. Allstate Indemnity Co.*, 2012 WL 1478745 (5th Cir. 2012), citing *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993).

**DISCUSSION AND ANALYSIS**

### 1.    DUTY TO DEFEND

In this diversity suit, Texas law governs this court's determination of whether the Plaintiff has a duty to defend the Defendants in the Underlying Lawsuit. "Generally, Texas state courts analyze whether the duty to defend arises by examining only two things: (1) the insurance contract; and (2) the claimant's petition in the underlying suit against the insured." *Westport Ins. Corp. v. Atchley, Russell, Waldrop & Hlavinka, L.L.P.*, 267 F.Supp.2d 601, 606 (E.D. Tex. 2003). "'An insurer's duty to defend is determined solely by the allegations in the pleadings and the language of the insurance policy.'" *Id.*, citing *King v. Dallas Fire Ins. Co.*, 85 S.W.3d 185, 187 (Tex. 2002). This analysis is commonly referred to as the "eight corners" rule. *Westport*, 267 F.Supp.2d at 606. In conducting its analysis under the eight corners rule, the court must first construe the contract. *Id*. After doing so, the court then "must examine the factual allegations made in the underlying suit and determine whether those allegations could possibly state a claim covered by the insured's policy." *Id*.

In making this coverage determination, the court should construe the terms of the insurance contract "against the insurer to avoid excluding coverage, so long as more than one reasonable interpretation exists." *Id.*, citing *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Willis*, 296 F.3d 336, 339 (5th Cir. 2002). "The insured's construction of the exclusionary clause must be adopted as long as that construction is not unreasonable." *Id*. "This is the case even if the insurer's proffered

construction would be more reasonable." *Id.*, citing *Insurance Co. of North America v. Cash*, 475 S.W.2d 912 (Tex. 1971). "However, these preferences for adopting the insured's interpretation only apply where the contract language is ambiguous." *Id.*, citing *Mang v. Travelers Ins. Co.*, 412 S.W.2d 672, 674 (Tex. Civ. App. 1967, writ ref'd). Notably, "if the allegations in the underlying pleadings could even potentially trigger coverage, and the allegations do not on their face conclusively activate an exclusion, then the insurer must defend its insured against the claim." *Id.* at 612, citing *King*, 85 S.W.3d at 187.

However, as argued by the Plaintiff herein, the eight corners rule does not apply to the instant action. The Plaintiff advised the court of the August 16, 2011 opinion in *GuideOne Specialty Mut. Ins. Co. v. Missionary Church of Disciples of Jesus Christ*, 806 F.Supp.2d 923 (N.D. Tex. 2011). In *GuideOne*, the court made the following analysis which this court incorporates fully herein:

> The eight-corners rule simply does not apply to the Insurance Policy. The defense-obligation wording of the Insurance Policy is drastically different from the wording found in the liability insurance policies that gave rise to, and perpetuated, the eight-corners rule. The insurance company and the insured in each of the cases that has applied the rule contracted that the insurance company would "defend any suit brought against [the insured] seeking damages, even if the allegations of the suit are groundless, false or fraudulent." (Internal citations omitted).

> The eight-corners rule policy language ("even if the allegations of the suit are groundless, false or fraudulent") that is absent from the policy issued by plaintiff is essential to applicability of the rule. The significance of the omitted language recently was discussed by the Texas Supreme Court in *GuideOne Elite Insurance Co.*, where the Court said:

>> The policy here obligated GuideOne to indemnify the Church in the event of a meritorious claim for sexual misconduct, but *with respect to the duty to defend, the contract provided that* GuideOne should "defend any suit brought against [the insured] seeking damages, *even if the allegations of the suit are groundless, false or fraudulent . . . .*"

>> *The policy thus defined the duty to defend more broadly than the duty to*

> *indemnify.  This* is often the case in this type of liability policy and *is, in*
> *fact, the circumstances assumed to exist under the eight-corners rule.*

197 S.W.3d 305 at 310 (citations omitted) (emphasis added).

As the Texas Supreme Court explained, the policy language that is missing from plaintiff's policy is "assumed to exist under the eight-corners rule."  (Internal citation omitted).  And, that policy language is what causes the insurance company's duty to defend to be broader than its duty to indemnify under the kind of policy containing the language.  Because plaintiff's policy does not contain that language, the eight-corners rule is not applicable to this case.  The language of plaintiff's policy makes the duties to pay and defend coextensive.

Not only does the Insurance Policy not contain the "groundless, false, or fraudulent" policy language that is so essential to the eight-corners rule, the language of the policy could not make any clearer that the parties contracted in such a way as to preclude applicability of the rule.  The basic definition of plaintiff's defense obligation, as set forth in the CGLC and adopted by reference in the Endorsement, reads as follows:

> We will have the right and duty to defend the insured against any "suit"
> seeking those damages.  However we have no duty to defend the insured
> against any "suit" seeking damages for "bodily injury" or "property
> damage" to which this insurance does not apply.  (Internal citations
> omitted).

*GuideOne*, 806 F.Supp.2d at 935-36.

Here, "plaintiff has no obligation to provide a defense to any defendant in the underlying lawsuit if the insurance provided by plaintiff's policy does not apply to any of the claims made in the lawsuit." *Id*. at 936.  As noted previously, all of the claims brought against the Defendants in the Underlying Lawsuit stem from the sexual assault.  Because of the Physical-Sexual Abuse Exclusion and the Assault and Battery Exclusion, no coverage exists.  Accordingly, the Plaintiff does not owe any duty to defend any of the Defendants in the Underlying Lawsuit.

## 2.    DUTY TO INDEMNIFY

Typically, the court would withhold ruling on the Plaintiff's duty to indemnify until after the

Underlying Lawsuit is resolved. However, since the court previously concluded that the duties to indemnify and defend are coextensive, the court sees no reason to withhold its ruling on the issue of indemnification. The Plaintiff moved for summary judgment on the issue of indemnification. The Defendants, however, failed to adduce summary judgment evidence showing that any of the claims in the Underlying Lawsuit are covered by the Policy. Since the Fifth Circuit in *American States Insurance Co. v. Bailey*, 133 F.3d 363, 368-69 (5th Cir. 1998) held that it was not an abuse of discretion for a federal district court to decide the issue of the duty to indemnify prior to resolution of the underlying state court action, the court hereby concludes that the Plaintiff does not owe any duty to indemnify any of the Defendants in the Underlying Lawsuit. *See GuideOne*, 806 F.Supp.2d at 937-38.

## CONCLUSION

Based on the foregoing, the court finds that the Plaintiff's motion for summary judgment (docket entry #21) is **GRANTED**. The court hereby **ORDERS** and **DECLARES** that:

1. No coverage exists under USF Insurance Company Insurance Policy No. LGBGL72555 for the claims made in and which form the basis of that particular lawsuit styled: *E.K., A Minor Child and Tammi Hawthorne, Next of Friend, v. Huffines Communities, Inc., Premier Communities Management Company, Inc., Premier Communities Management Company, Inc. d/b/a Providence Homeowners Association, Barefoot Management, Inc. and Shane Douglas Wilkins*, cause number 366-01936-2011, which was filed in the 366th Judicial District Court of Collin County, Texas;

2. USF Insurance Company has no duty to provide a defense under Policy No. LGBGL72555 to Premier Communities Management Company, Inc., Premier Communities Management Company, Inc. d/b/a Providence Homeowners Association, Bearfoot Management, LLC or Shane Douglas Wilkins for the claims made in and which form the basis of that particular lawsuit styled: *E.K., A Minor Child and Tammi Hawthorne, Next of Friend, v. Huffines Communities, Inc., Premier Communities Management Company, Inc., Premier Communities Management Company, Inc. d/b/a Providence Homeowners Association, Barefoot Management, Inc. and Shane Douglas Wilkins*, cause number 366-01936-2011, which was filed in the 366th Judicial District Court of Collin County, Texas; and

3.   USF Insurance Company has no duty under Policy No. LGBGL72555 to provide indemnity to anyone or to pay for any judgment rendered against Premier Communities Management Company, Inc., Premier Communities Management Company, Inc. d/b/a Providence Homeowners Association, Bearfoot Management, LLC or Shane Douglas Wilkins for the claims made in and which form the basis of that particular lawsuit styled: *E.K., A Minor Child and Tammi Hawthorne, Next of Friend, v. Huffines Communities, Inc., Premier Communities Management Company, Inc., Premier Communities Management Company, Inc. d/b/a Providence Homeowners Association, Barefoot Management, Inc. and Shane Douglas Wilkins*, cause number 366-01936-2011, which was filed in the 366th Judicial District Court of Collin County, Texas.

IT IS SO ORDERED.

   **SIGNED this the 29th day of June, 2012.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE